UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FREDERICK O. SPAID, II                                CIVIL ACTION

VERSUS                                                    NO. 16-14169

CHERAMIE MARINE, LLC                              SECTION "R" (2)

## ORDER AND REASONS

Before the Court is defendant Cheramie Marine's motion to exclude the expert testimony and report of Robert Borison.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

This case arises out of an accident on defendant's vessel, the M/V JAN MARIE.[2] Plaintiff alleges that he was employed by defendant aboard the M/V JAN MARIE when he suffered injuries to his leg and other parts of his body after falling into an open hatch on the vessel.[3] On August 26, 2016, plaintiff filed a seaman's complaint for damages against defendant.[4] Plaintiff

---

1     R. Doc. 18.
2     R. Doc. 1 at 2.
3     *Id.*; R. Doc. 19 at 2.
4     R. Doc. 1 at 1.

alleges that defendant failed to provide a reasonably safe place to work, failed to properly train and supervise plaintiff, failed to take precautions for the safety of employees, and engaged in other acts of negligence.[5]

Plaintiff proposes to offer the expert testimony and report of Robert Borison, a marine safety expert.[6] In his report, Borison concludes that the master of the M/V JAN MARIE failed to properly guard an open hole in a known passageway and failed to barricade the open hole to protect crewmembers.[7] Borison intends to address these two issues in his testimony.[8] Defendant now moves to exclude Borison's expert testimony and report on the grounds that Borison's opinions are within the domain of common sense and will not assist the trier of fact.[9]

## II.  LEGAL STANDARD

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides that a qualified expert may testify if, among other conditions, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to

---

[5]  *Id.* at 2.
[6]  R. Doc. 14 at 3, R. Doc. 18-2.
[7]  R. Doc. 18-2 at 5-6.
[8]  R. Doc. 19 at 7.
[9]  R. Doc. 18-1 at 1-3.

determine a fact in issue." Fed. R. Evid. 702(a); *see also Bocanegra v. Vicmar Services, Inc.*, 320 F.3d 581, 584 (5th Cir. 2003) ("[E]xpert testimony must be relevant . . . in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue.").

The Fifth Circuit has recognized that expert testimony is unnecessary if the court finds that "the jury could adeptly assess [the] situation using only their common experience and knowledge." *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990). In other words, the Court must insist "that a proffered expert bring to the jury more than the lawyers can offer in argument." *In re Air Crash Disaster at New Orleans, Louisiana*, 795 F.2d 1230, 1233 (5th Cir. 1986).

## III. DISCUSSION

Borison is a marine safety expert and plaintiff argues that his opinions will help the jury understand maritime industry standards, the role of each of the actors involved in this incident, and other marine safety issues that are outside the common experience of the average layperson.[10] Defendant does

---

10     R. Doc. 19 at 7.

not challenge Borison's credentials.[11] Instead, defendant argues that Borison's opinions are not based on scientific, technical or other specialized knowledge and will not assist the trier of fact in understanding the evidence or determining a fact in issue.[12]

The issues addressed in Borison's proffered testimony and report are within the common experience and understanding of jurors. In his report, Borison finds that an open hole existed in a passageway on the M/V JAN MARIE, the hole was created because a hatch cover was removed, the hole was unguarded, and the company did not barricade open holes or install warning tape to alert crewmembers of the hazard.[13] Based on these findings, Borison concludes that the master of the vessel failed to properly guard the open hole and failed to provide a safe work environment.[14] The report does not discuss maritime industry safety standards.[15]

No expertise was required or used to render these opinions. The jury is capable of evaluating the dangers posed by an open hole in a vessel passageway without expert testimony. Under similar facts, the Fifth Circuit found that a jury could use their common experience and knowledge to

---

[11] R. Doc. 18-1.
[12] *Id.* at 1.
[13] R. Doc. 18-2 at 6.
[14] *Id.*
[15] *Id.*

assess whether it was reasonable for the plaintiff's employer to instruct employees to move equipment on deck during heavy seas. *Peters,* 898 F.2d at 450. The court of appeals further concluded that the jury was capable of assessing without expert assistance whether cargo was improperly stowed on deck and whether spilled diesel fuel made the deck of the ship slippery. *Id; see also Oatis v. Diamond Offshore Mgmt. Co.*, No. 09-3267, 2010 WL 936449, at *2 (E.D. La. Mar. 12, 2010) (excluding expert testimony regarding whether violation of work safety guidelines contributed to plaintiff's injuries); *Thomas v. Global Explorer, LLC*, No. 02-1060, 2003 WL 943645, at *2 (E.D. La. March 3, 2003) (excluding expert testimony on whether installing a rope near a ladder on a vessel was a safety hazard).

Because the Court finds that Borison's expert testimony and report will not assist the trier of fact, and is therefore not relevant, it need not consider the *Daubert* standards for the reliability of expert testimony. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591-593 (1993) (expert testimony must assist the trier of fact and be scientifically valid); *see also Oatis,* 2010 WL 936449, at *2.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to exclude Robert Borison's expert testimony and report.

New Orleans, Louisiana, this __22nd__ day of June, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE